IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARTHUR RILEY,<br>    Plaintiff, | §<br>§<br>§ | |
| V. | § | C.A. NO. C-08-196 |
| | § | |
| NUECES COUNTY,<br>    Defendant. | §<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER DENYING MOTIONS
## FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate at the Nueces County Jail. Proceeding *pro se* and *in forma pauperis,* plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging various medical claims and complaining of the conditions of his confinement (D.E. 1, 7, 9). Plaintiff's complaint has not yet been screened pursuant to 28 U.S.C. § 1915. Pending are plaintiff's motions for appointment of counsel (D.E. 7, 9).

As an initial matter, plaintiff was directed not to file motions for appointment of counsel until his case was screened (see D.E. 8). In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in

civil rights cases.  Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982).  Further, Bounds did not create a "free-standing right to a law library or legal assistance."  Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996).  It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment.  28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel.  Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)).  The first is the type and complexity of the case.  Id.  The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case.  The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.  Examination of all of these factors is premature because the case has not yet been screened and the exact nature of plaintiff's claims has not yet been determined.  All these factors are better examined after an evidentiary hearing.

Moreover, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case.  The Court has the authority to award attorneys' fees to a prevailing plaintiff.  42 U.S.C. § 1988.  Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement.  Plaintiff's motions for appointment of counsel

(D.E. 7, 9) are denied without prejudice at this time.  This order will be *sua sponte* reexamined as the case proceeds.

    ORDERED this 8th day of July, 2008.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE